IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01035-BNB

STEVEN McCARY,

Applicant,

v.

ARI ZAVARAS,
BRIGHAM SLOAN, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Steven McCary, is a prisoner in the custody of the Colorado Department of Corrections and he currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. McCary has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. McCary is challenging in this action the validity of his conviction in Boulder County District Court case number 06CR997.[1]

On May 12, 2010, Magistrate Judge Craig B. Shaffer ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses

---

[1] Mr. McCary also was convicted in Boulder Court District Court case number 06CR1641. He is challenging the validity of that conviction in a separate habeas corpus action. *See McCary v. Zavaras*, No. 10-cv-00789-BNB (D. Colo. filed Apr. 7, 2010).

in this action. On May 20, 2010, Respondents filed their Pre-Answer Response. On June 8, 2010, Mr. McCary filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. McCary liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Following a jury trial in July 2007, Mr. McCary was convicted of felony trespassing and menacing. On October 3, 1997, he was sentenced to twelve years in prison. On November 21, 2007, Mr. McCary filed a notice of appeal and his direct appeal remains pending in the Colorado Court of Appeals.

The Court received the instant action for filing on April 23, 2010. Mr. McCary asserts three separate claims for relief in the application; two of the claims raise multiple issues. Mr. McCary asserts in his first claim that he was denied a fair trial because his conviction is based on testimony that was known to be false and perjured. He asserts in his second claim that trial counsel provided ineffective assistance when counsel conceded the only factual issue in dispute during closing arguments, failed to raise a choice-of-evils defense, and gave false assurances to Mr. McCary that, if he would plead guilty to the habitual criminal charges in exchange for the prosecution dismissing a burglary charge, counsel could focus on the trespassing charge and Mr. McCary would be found not guilty. Mr. McCary also alleges in his second claim that his due process rights were violated because evidence that would have supported a

2

choice-of-evils defense was withheld. Finally, Mr. McCary asserts in his third claim that counsel provided ineffective assistance when counsel failed to present favorable documentary evidence to the jury, failed to investigate the victim's reputation for truthfulness, lied to Mr. McCary to induce a guilty plea, failed to properly examine or cross-examine witnesses, failed to call any defense witnesses other than Mr. McCary, and failed to interview corroborating witnesses.

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). However, Respondents contend that this action must be dismissed for failure to exhaust state remedies because Mr. McCary's direct appeal from the judgment of conviction remains pending before the Colorado Court of Appeals.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

3

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In his reply to Respondents' Pre-Answer Response, Mr. McCary first asks the Court to consider appointing counsel to represent him in this action. That request will be denied because it is clear that Mr. McCary has not exhausted state remedies prior to seeking review in federal court.

Mr. McCary does not dispute the fact that his direct appeal from the judgment of conviction remains pending in the Colorado Court of Appeals and he does not argue that he has fairly presented his claims to the Colorado appellate courts. Instead, he argues in his reply to Respondents' Pre-Answer Response that this action should not be dismissed for failure to exhaust state remedies because there is no adequate state remedy available to protect his rights. In particular, Mr. McCary argues that "circumstances exist that render such process ineffective to protect the rights of the

4

applicant." (Doc. #13 at 8.) Pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii), the requirement that state remedies be exhausted does not apply if "circumstances exist that render [the available State corrective] process ineffective to protect the rights of the applicant." The particular circumstance on which Mr. McCary relies in support of this argument is his contention that both trial counsel and counsel on direct appeal have either failed or refused to present favorable exculpatory evidence that demonstrates he is actually innocent.

The Court is not persuaded by Mr. McCary's argument that the remedies available to him in the Colorado courts are not effective to protect his rights. Even assuming trial and appellate counsel have provided ineffective assistance by failing to present exculpatory evidence, Mr. McCary fails to demonstrate that he cannot pursue his claims and present the exculpatory evidence in a state court postconviction motion after his direct appeal concludes. In fact, to the extent Mr. McCary seeks to pursue claims that counsel was ineffective, the Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in [postconviction] Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994).

Therefore, the Court agrees with Respondents that Mr. McCary has failed to exhaust state remedies because he has not fairly presented any of his claims in this action to the Colorado appellate courts. Although Mr. McCary currently has an appeal pending before the Colorado Court of Appeals, merely filing an appeal does not satisfy the fair presentation requirement. Therefore, even if Mr. McCary is raising on direct appeal the same claims he is raising in this action, those claims are not exhausted.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 15th day of June, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01035-BNB

Steven Douglas McCary
Prisoner No. 60886
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

Ryan A. Crane
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6|15|10

GREGORY C. LANGHAM, CLERK

By _____
       Deputy Clerk